UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLEAR RECON CORP. and WELLS FARGO BANK, NA,<br><br>　　　　　Defendants. | No. 2:19-cv-0568 TLN AC (PS)<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se, and pretrial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). On April 8, plaintiff filed a two-page document captioned as a "Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction," which the court construes as a request for temporary restraining order. ECF No. 5. The document reads as though it is, itself, a temporary restraining order ("TRO"), purportedly restraining defendants—and two additional entities not named as defendants in this matter—from transferring title to real property located at 4104 Singing Tree Way, Antelope, California, where plaintiff has previously alleged that she resides. ECF Nos. 1 at 1, 5 at 1. Because this document does not comply with federal and local rules governing TROs, and because it is unclear whether plaintiff has standing to seek the requested relief, the motion will be denied.

## I. APPLICABLE LAW

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel[.]" In the absence of such extraordinary circumstances, the court construes a motion for temporary restraining order as a motion for preliminary injunction. See, e.g., Aiello v. One West Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092, at *1–2 (E.D. Cal. Jan. 29, 2010).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a demonstrated threat of irreparable injury that must be imminent in nature. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

In reviewing a motion for TRO, the court "will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief," and if so, may deny the motion solely on this ground. E.D. Cal. R. 231(b). Local Rule 231 requires a party seeking a TRO to file several documents, including a complaint and "an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given . . . ." E.D. Cal. R. 231(c).

## II. ANALYSIS

As noted in the undersigned's April 4 screening order (ECF No. 3), it remains unclear whether this case can proceed as originally pled. Although plaintiff has alleged that she is a resident of the property at issue in the instant TRO request, plaintiff still has not asserted that she

////

////

has an ownership interest in the property.[1]  This was one of the complaint's primary defects that plaintiff was directed to address in an amended complaint.  No amended complaint has yet been filed.

Moreover, even assuming plaintiff has an ownership interest in the property, the document filed does not permit the undersigned to evaluate whether a TRO is warranted.  Plaintiff has provided none of the required supporting documentation.  She has not identified any critical date in this action, and she provides no reason to conclude she could not have sought relief earlier.  The TRO request contains no allegations supporting a need for immediate relief or indicating a likelihood of irreparable harm.  See Winter, 555 U.S. at 20.  Indeed, it contains no allegations at all.

Finally, to the extent that plaintiff seeks to restrain entities not named as defendants in this matter, this court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

Plaintiff is reminded that she has 30 days from the April 4 order to file an amended complaint in this action.  The court will not entertain any further motion for TRO unless and until a complaint has been filed that states a claim upon which relief may be granted.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for temporary restraining order (ECF No. 5) is DENIED.

DATED: April 9, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1]  The court notes that on April 5, plaintiff filed a "notice of pendency of action" which states that "[t]he reputed owner of the real property as described herein is 4104 Singing Tree Way, Antelope, California."  ECF No. 4 at 2.  This statement does not assist the court in determining whether plaintiff has an ownership interest in said property.

3