UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JANET ROBINSON, | No. 2:19-cv-0568 TLN AC (PS) |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| CLEAR RECON CORP. and WELLS FARGO BANK, N.A., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Before the court are plaintiff's First Amended Complaint ("FAC") (ECF No. 10), second motion for temporary restraining order ("TRO") (ECF No. 9), motion for preliminary injunction (ECF No. 13), and two further requests to participate in electronic filing (ECF Nos. 11, 14).

I. BACKGROUND

On April 2, 2019, plaintiff sought leave to proceed in forma pauperis ("IFP") in this action concerning the foreclosure of two pieces of real property. ECF Nos. 1, 2. On April 4, the undersigned granted plaintiff's IFP request, but on screening found the original complaint failed to state a claim for relief because: (1) plaintiff did not clearly allege facts supporting a federal cause of action, and (2) it was unclear whether plaintiff had any ownership interest in the

properties at issue. ECF No. 3 at 4. The court provided detailed instructions on how to amend the complaint and granted plaintiff leave to amend. Id. at 4-6. On April 8, plaintiff filed a threadbare TRO request and a motion for e-filing authorization, both of which the court denied. ECF Nos. 5-8. In the order denying e-filing access, the court explicitly listed the information plaintiff should provide in any subsequent motion to e-file, and warned that failure to include each item would result in denial of such motion. ECF No. 8 at 2.

### A. Motions for TRO and Preliminary Injunction

In her renewed TRO request, plaintiff once again seeks to enjoin defendants (as well as an individual not named as a defendant) from transferring title to real property located at 4104 Singing Tree Way, Antelope, California, where plaintiff has previously alleged that she resides. ECF Nos. 1 at 1, 9 at 1. This renewed motion is identical to the deficient April 8 TRO request, except that plaintiff alleges that the title and deed to the Singing Tree property are in her name and asks the court "to my right to preserve ownership."[1] ECF No. 9 at 1. Plaintiff attaches several new documents including: a certified copy of a 2006 deed granting the Singing Tree property to her; a 2006 Deed of Trust ("Mortgage") identifying the Singing Tree property as security for a loan to plaintiff; a recorded Substitution of Trustee dated February 6, 2018 identifying defendant Wells Fargo as the current beneficiary of the Mortgage, and designating defendant Clear Recon Corp. as the new trustee; and a recorded February 20, 2018 Notice of Default on the Singing Tree property. Id. at 3-37.

Five days after filing this TRO request, plaintiff filed a motion for preliminary injunction. ECF No. 13. She urges the court to set a date for defendants (and the same additional nonparty) to file their answer and "affidavits and memorandum." Id. at 1-2. Plaintiff states that she may be forced out of her home without another place to live, and that she seeks a preliminary injunction allowing her to continue to reside at the Singing Tree property, and preventing the transfer of title to the property. Id. at 2.

---

[1] In the TRO request, plaintiff states: "I, Janet L Robinson, is the legal property order located at 4104 Singing Tree Way[.]" ECF No. 9 at 1. By this, the court understands plaintiff to mean that she is the owner of the Singing Tree property.

B. First Amended Complaint

Plaintiff's First Amended Complaint ("FAC") is a verbatim (and unsigned) copy of the original complaint on which the word "Amended" appears in handwriting. ECF No. 10. Among the various allegations the FAC reproduces, the court notes in particular the allegation that the Singing Tree property was sold at auction on March 14, 2019. Id. at 5-6. Plaintiff also attaches to the FAC various new and unexplained documents. Id. at 11-46.

C. E-Filing Motions

Plaintiff's largely duplicative second and third motions to e-file state that: she requires access because she has over 500 documents, and it would be a financial burden to submit copies of those documents in person; and it is her constitutional right to present her case and evidence in an economical manner. ECF Nos. 11, 14.

## II. DISCUSSION

The court is sympathetic to plaintiff's sense of urgency in preserving her ability to live at the Singing Tree home. However, she still has not provided the court with sufficiently clear factual allegations to support a determination whether this case may proceed in federal court. Although the documents attached to the renewed TRO motion indicate that plaintiff owned the Singing Tree property at one point, and that the property was sold in 2019, the court is left to guess as to the full sequence of events and the basis for federal jurisdiction to hear this suit. By filing an FAC virtually identical to the original complaint, plaintiff has made no attempt to address the various defects identified in the court's April 4 order. Merely attaching documents brings plaintiff no closer to providing the clear factual statement of her claims required under Federal Rule of Civil Procedure 8(a). Rather than recommending dismissal of the action, the undersigned will provide plaintiff one more opportunity to amend her complaint to allege clear causes of action and facts supporting each cause of action.

Because plaintiff still has not provided an amended complaint that states a claim for relief and establishes this court's jurisdiction over the present action, plaintiff's renewed TRO motion and motion for preliminary injunction will be denied. The court directs plaintiff to the rules and requirements governing TROs discussed in its April 9 order, and cautions plaintiff that

subsequent noncompliant TRO motions may be summarily denied.

Finally, the court will deny without prejudice plaintiff's e-filing motions for failure to comply with the Local Rules and with the court's April 10 order. Plaintiff is warned that future noncompliant motions to e-file in this case will be denied with prejudice.

## III.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Further, the amended complaint must identify the specific causes of action plaintiff asserts, against which defendant they are directed, and for what conduct. The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued, for what relief." Id. at 1177.

Finally, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an

amended complaint supersedes the original complaint.  See  Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## IV.  PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court.  The court cannot tell from your amended complaint what legal harm was done to you.  Because the complaint as written is not clearly understandable, does not provided legal causes of action with facts supporting each cause of action, and does not establish that this court has the power to hear your case, it will not be served on defendants.  Your lawsuit cannot proceed unless you fix the problems with your amended complaint.

You are being given 30 days to submit an amended complaint that provides a proper basis for federal jurisdiction.  If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you.  Without this information, the court cannot tell what legal claims you are trying to bring against the defendants and which facts support each claim.  If you do not submit a Second Amended Complaint by the deadline, the undersigned will recommend that the case be dismissed.

## V. FURTHER FILINGS

This action cannot proceed until plaintiff submits a complaint that states a cognizable legal claim.  Therefore, plaintiff is hereby restricted from filing any further motions or documents in this case until she has submitted a Second Amended Complaint and the court has found such complaint sufficient.  See De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990) (recognizing federal courts' inherent power to regulate the activities of abusive litigants by imposing carefully tailored filing restrictions).  In the space of ten days, plaintiff has filed two threadbare TRO requests (ECF Nos. 5, 9), a frivolous motion for preliminary injunction (ECF No. 13), and three motions for e-filing authorization that provide none of the required supporting

information (ECF Nos. 6, 11, 14). In light of the number of noncompliant urgent motions filed and plaintiff's refusal to follow the clear instructions provided, the court must impose this restriction to preserve its limited resources. The restriction will automatically lift in the event that the court finds legally sufficient any Second Amended Complaint plaintiff may choose to file.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for temporary restraining order (ECF No. 9) is DENIED;
2. Plaintiff's motions to e-file (ECF Nos. 11, 14) are DENIED without prejudice;
3. Plaintiff's motion for preliminary injunction (ECF No. 13) is DENIED;
4. The first amended complaint (ECF No. 10), is DISMISSED with leave to amend;
5. Plaintiff must file a Second Amended Complaint within 30 days from the date of this order. If plaintiff files a Second Amended Complaint, she must comply with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute; and
6. Plaintiff is restricted from filing any further motions or documents in this case until the court has ruled on the sufficiency of any forthcoming Second Amended Complaint.

IT IS SO ORDERED.

DATED: April 19, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE